FILED
September 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002909052

J. RUSSELL CUNNINGHAM, State Bar #130578
ERIC R. GASSMAN, State Bar #260693
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

GRACE C. OCAMPO

Debtor.

Case No. 09-48459-C-7
Chapter 7

DNL-2

Date: October 12, 2010
Time: 9:30 a.m.
Place: Dept. C, Courtroom 35
501 I Street, 6th Floor
Sacramento, CA 95814

### MOTION FOR TURNOVER OF VEHICLES

KIMBERLY J. HUSTED ("Trustee"), hereby moves for an order compelling the debtor to account for and turnover the following vehicles: 1) 2005 Honda Odyssey (vin # 5FNRL38895B009881); 2) 2000 Honda CRV (vin # JHLRD1866YC003105) and; 3) 2002 Nissan Frontier (vin #1N6DD26S52C395561), hereinafter the 3 automobiles are collectively referred to as the( "motor vehicles"). In support of her motion, Trustee respectfully represents:

1. This case was commenced by the filing of a voluntary Chapter 7 petition by the debtor on December 29, 2009. Trustee is the duly appointed Chapter 7 Trustee.

2. Among the scheduled assets of the debtor's estate is a 2005 Honda Odyssey, valued at approximately $20,000; and a 2002 Honda CRV valued at $4,790.00. Neither of these motor vehicles are subject to a claim of lien or claim of exemption.

3. The debtor also appears to own a 2002 Nissan Frontier valued at approximately

1

1 | $4,625, based on the debtor's declaration of automobile insurance. The debtor failed to schedule the Nissan Frontier.

4. While the debtor's contention is that the 100% equitable owner of the Honda Odyssey and the Honda CRV is Virgil Quejado, i.e. that the debtor holds bare legal title, to date, despite multiple requests, the debtor has failed to provide supporting evidence.

5. On or about July 28, 2010, Trustee made a demand of the debtor to provide supporting evidence to Trustee of her assertion that Virgil Quejado is 100% equitable owner to Trustee, or turn over the vehicles. To date the debtor has failed to comply with Trustee's demands.

6. The motor vehicles are property of the debtor's bankruptcy estate. 11 U.S.C. Section 541(a)(1). Since the motor vehicles are not of inconsequential value or benefit to the estate, the debtor is obligated to deliver to Trustee, and account for, such property or the value of such property. 11 U.S.C. Section 542(a).

7. Trustee has a duty to preserve estate assets. Debtor has breached multiple duties of disclosure to and cooperation with Trustee. The value of these motor vehicles is diminishing with the passage of time, particularly if, as the debtor has stated, she is transporting six children in the 2005 Honda Odyssey. According to Schedule I of the debtor's petition, there are 5 children listed as dependants of the debtor, one of which is 17 years of age. Furthermore, without immediate judicial assistance, there is an increasing risk to the estate's right, since the motor vehicles are also registered to Virgil Quejado and therefore could potentially be sold without Trustee's knowledge or consent.

WHEREFORE, Trustee prays that the motion be granted, and for such other and further relief as is necessary and proper.

Dated: August 30, 2010

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____

J. RUSSELL CUNNINGHAM
Attorneys for Kimberly J. Husted
Chapter 7 Trustee

2